PEOPLE v JASPER

Docket No. 55,885. Decided December 19, 1974.

Lawrence F. Jasper was summarily convicted of contempt of court in Recorder's Court of Detroit, Traffic & Ordinance Division, Laurence D. Silverman, J., upon his refusal to turn off a tape recorder which he had with him for use during his contest of a citation for a parking meter violation before Referee Jerrold V. Marsh and his attempt to leave the courtroom. The Court of Appeals, Danhof, P. J., and Quinn and V. J. Brennan, JJ., affirmed in a per curiam opinion (Docket No. 18573). Defendant applied for leave to appeal. *Held:*

1) The Canons of Judicial Ethics in effect at the time of trial (Canon 35) did not prohibit tape recordings of proceedings in court, but only improper publicizing of proceedings;

2) The referee and judge had no authority to order defendant to turn off his tape recorder, where the record will not support the assertion that defendant wished to publicize or disrupt the trial, and abused their discretion.

Decision of the Court of Appeals reversed, and defendant discharged.

1. TRIAL—RECORDING—TAPE RECORDERS—CANONS OF JUDICIAL ETHICS.

The former Canons of Judicial Ethics did not prohibit tape recordings of proceedings in court, but only improper publicizing of proceedings (Canon 35, Canons of Judicial Ethics).

2. TRIAL—RECORDING—CONTEMPT.

A referee and a judge of Recorder's Court of Detroit, Traffic & Ordinance Division, had no authority to order a defendant to turn off a tape recorder he had brought with him to record his contest of a citation for a parking meter violation at a time when recording was not prohibited by the Canons of Judicial Ethics, where the record will not support the assertion that defendant wished to publicize or disrupt his trial, and a sum-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 75 Am Jur 2d, Trial § 42.

Broadcasting, recording or photographing court proceedings. 100 ALR2d 1404.

mary conviction of contempt for defendant's refusal to turn off the recorder and subsequent events must be set aside.

*Elliott S. Hall,* Acting Corporation Counsel, and *John E. Cross, Maureen P. Reilly,* and *Frank W. Jackson, III,* Assistants Corporation Counsel, for plaintiff.

*Dennis G. Vatsis,* for defendant.

PER CURIAM. This is a matter before us on an application for leave to appeal from a decision of the Court of Appeals which affirmed the summary conviction of the defendant for contempt of court.

In lieu of grant, pursuant to GCR 1963, 865.1(7), we reverse the Court of Appeals, and discharge the defendant, for we are convinced from our examination of the record that rather than for the reasons urged in the application, the conviction should not stand because the incident giving rise to it was based upon such a fundamental error and abuse of the contempt power that it is unseemly to sanction it.

## FACTS

On July 20, 1973, defendant Jasper appeared in the Traffic and Ordinance Division of the Recorder's Court of the City of Detroit to contest a citation issued for an alleged parking meter violation. He brought with him a tape recorder and asked if the referee had any objections to his taping the conversation for his own record. Instead of answering defendant's question the referee ordered him to turn the recorder off and found him in contempt of court.

Thereupon the defendant was brought before a judge of the court and when he again asked if

there were objection to the tape recorder was ordered to turn it off. The judge pointed out the court reporter who was recording the proceedings and said that there would be no tape recorder in the courtroom.

Upon defendant's refusal to turn the recorder off and his attempt to leave the courtroom, he was subdued by police officers, summarily found guilty of contempt of court and sentenced to serve ten days in the Detroit House of Correction.

Defendant was released on appeal bond after serving five days.

There was no authority for the order to turn off the tape recorder in the circumstances of this case.

The former Canons of Judicial Ethics which were in effect at the time of this trial did not prohibit tape recordings. Only the improper publicizing of court proceedings was prohibited. Judicial Canon 35 read:

"Proceedings in court should be conducted with fitting dignity and decorum. The taking of photographs in the courtroom, during sessions of the court or recesses between sessions, and the broadcasting or televising of court proceedings are calculated to detract from the essential dignity of the proceedings, distract the witness in giving his testimony, degrade the court, and create misconceptions with respect thereto in the mind of the public and should not be permitted.

"Provided that this restriction shall not apply to the broadcasting or televising, under the supervision of the court, of such portions of naturalization proceedings (other than the interrogation of applicants) as are designed and carried out exclusively as a ceremony for the purpose of publicly demonstrating in an impressive manner the essential dignity and the serious nature of naturalization."

Since the recording was not prohibited at the time of trial, and as the record will not support

the assertion that defendant wished to publicize or disrupt the trial, we conclude that the referee and the judge abused their discretion in demanding that the tape recorder be turned off.

We do not condone the actions of defendant subsequent to the court's refusal to articulate the objection to his tape recording, although we realize that but for such refusal, defendant would not reasonably be expected to have acted in the manner he did.

We must not be understood, however, to approve of the defendant's conduct or to give the impression that a person may enforce his rights with unrestrained belligerence. The court may properly punish any contempt.

This record on the other hand unfortunately seems merely to portray an exhibition of mutual contempt.

The contempt citation is set aside and the defendant is discharged.

T. M. KAVANAGH, C. J., and T. G. KAVANAGH, LEVIN, and J. W. FITZGERALD, JJ., concurred.

SWAINSON, WILLIAMS, and M. S. COLEMAN, JJ., concurred in the result.